# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE M. ROGERS, | ) | CASE NO. 1:18 CV 1365 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| L'ARCHE CLEVELAND, et. al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Stephanie M. Rogers ("Rogers" or "Plaintiff") filed a Complaint (Docket #1) against defendants L'Arche Cleveland and April Boone (collectively, "Defendants"), claiming that she was discriminated against because she was not promoted, and terminated in retaliation for complaining about race discrimination. Plaintiff alleges intentional infliction of emotional distress, and that Defendants violated Title VII, 42 U.S.C. § 2000e, *et seq.*[1] She seeks compensatory and punitive damages.

---

[1] Plaintiff also claims that Defendants violated her constitutional rights. It appears from the face of the Complaint, however, that L'Arche is a business and Boone is a private citizen. There are no allegations in the Complaint from which this Court can infer that the government is the source of Defendants' authority or that they are government actors. Accordingly, Plaintiff fails to state plausible constitutional claim against Defendants. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991) (the conduct of private parties lies beyond the scope of the constitution except where governmental authority dominates a private parties' conduct to such an extent that they are deemed to act with the authority of the government).

Also before the Court is Plaintiff's motion to proceed with this action *in forma pauperis* (Docket #2). That motion is granted.

For the reasons that follow, this case is dismissed.

**I. Background**

In the Complaint, Plaintiff states that defendant L'Arche is an organization that provides homes and care for adults with developmental disabilities, and defendant April Boone has been employed as L'Arche's executive director since December 1, 2015. Plaintiff states that she worked for L'Arche beginning in April, 2005 as an Assistant until she was allegedly wrongfully terminated based upon false allegations on March 14, 2017. (Docket #1 at 5, ¶¶ 1-3.)

Plaintiff alleges that 65.4% of L'Arche's workforce of 26 people are African American, and 34.6% are Caucasian. According to the Complaint, 80% of La'Arche's five "House Leaders" are Caucasian, while 20% are African American. Plaintiff states that she is African American, and that she twice requested to be promoted to House Leader. According to the Complaint, Defendants denied her request, saying that she was not qualified, and instead gave the House Leader position "to a White person that worked at a restaurant the [Boone] frequented." Plaintiff further alleges that "several" Caucasian Assistants were given the opportunity to become House Leaders even though they had less experience than Plaintiff. (*Id.*, ¶¶ 4-6.) Plaintiff, who claims to have been employed by L'Arche for twelve years, provides no dates or time-frame regarding her requests to be promoted and Defendants' alleged denial of those requests, nor does she provide any information regarding the required qualifications of a House Leader, her qualifications, or the qualifications of alleged Caucasian individuals who were promoted instead of Plaintiff.

Plaintiff alleges that she was terminated by Defendants for sleeping on the job on March 9, 2017 during her 11:00 p.m.-9:00 a.m. shift and placing L'Arche's clients in danger. Plaintiff disputes the reason for her termination, saying that she did not sleep on the job and did not put any clients in danger because she was allowed to work the night of March 10, 2017. Plaintiff attaches what she represents to be her time sheet as evidence that she worked on March 10th. (*Id.*, ¶¶ 4-7.)

Plaintiff alludes to the filing of a complaint with the Ohio Civil Rights Commission ("OCRC"), referring to Defendants' statement to the OCRC, but she does not provide any dates or documentation concerning her complaint. Plaintiff claims that Defendants' statement to the OCRC refers to rules against sleeping on the job, but does not say that she was sleeping on the job. She claims that Defendants have no evidence that she was sleeping on the job, and believes that she was fired in retaliation for complaining about not receiving a promotion. (*Id.* at 6, ¶ 9.)

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

Although the plausibility standard is not equivalent to a "'probability requirement,'... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679.

Plaintiff's Complaint refers to, and attaches, an exhibit in support of her allegations. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court will, therefore, consider Plaintiff's exhibit when assessing the sufficiency of her claims. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

### B. Title VII

Plaintiff claims that she was discriminated against based on her race, and terminated in retaliation for complaining about race discrimination. Title VII, 42 U.S.C. § 2000e-2(a), provides that it is unlawful for an employer to discharge or discriminate against an individual on the basis of his race, color, or sex, or to retaliate against an employee who opposes or seeks relief from such discrimination. *See Green v. Brennan*, 136 S. Ct. 1769, 1773-74 (2016). Plaintiff's

factual allegations asserted in support of her claims of race discrimination and retaliation are insufficient to state a plausible claim for relief.

As an initial matter, Plaintiff provides no dates or time-frame for any of her allegations regarding race discrimination and retaliation. Plaintiff alleges that she was employed by Defendants for a twelve years. Claims of race discrimination and retaliation must be brought within a specific period of time after the alleged discrimination or retaliation, though the statute of limitations is subject to waiver, estoppel, and equitable tolling. *See* 42 U.S.C. § 2000e-5(e)(1) (a charge of discrimination must be filed with the Equal Employment Opportunity Commission either 180 or 300 days after the alleged unlawful employment practice); *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001). Plaintiff alludes to a complaint filed with the OCRC, but provides no information concerning when or if the OCRC completed its review. Lawsuits in federal court concerning Title VII violations must be filed within 90 days of receiving a right to sue letter from the OCRC or EEOC, though this time period is also subject to waiver, estoppel, or equitable tolling. *See* 42 U.S.C. § 2000e-5(f)(1); *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980).

There are no allegations in the Complaint from which this Court can infer that Plaintiff's claims are timely, and not barred by the statute of limitations. But even assuming her claims are not so barred, Plaintiff's allegations of race discrimination and retaliation nevertheless fail to state a plausible claim upon which relief can be granted.

### *Race discrimination*

In order to establish a race discrimination claim based upon failure to promote, a plaintiff must show that "(1) he is a member of a protected class; (2) he applied for and was qualified for promotion; (3) he was considered for and denied the promotion; and (4) an individual of similar

qualifications outside of the protected class received the job." *Wilson v. Brennan*, 213 F. Supp. 3d 934, 944 (S.D. Ohio 2016) (citing among authority *Grizzell v. City of Columbus Div. of Police*, 41 F.3d 711, 719 (6th Cir. 2006)). Plaintiff makes no factual allegations in the Complaint regarding the required qualifications of a House Leader, her qualifications, or the qualifications of the individuals selected by Defendants to be promoted to House Leader. The Court is not required to accept Plaintiff's conclusory allegations that she was more qualified to be a House Leader than the individuals selected by Defendants, and that she was not selected because of her race. A pleading that offers only labels or conclusions, or mere formulaic recitations of the elements of a cause of action, does not suffice to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556-57). Plaintiff fails to state a plausible claim for race discrimination upon which relief may be granted, and that claim is dismissed pursuant to § 1915(e).

### *Retaliation*

With respect to her retaliation claim, Plaintiff must show that (1) she engaged in protected activity, (2) the protected activity was known to defendants, (3) an adverse employment action was taken against the employee by the employer, and (4) there was a causal connection between the protected activity and the adverse employment action. Plaintiff fails to state a plausible retaliation claim. There are no factual allegations from which this Court can infer that Plaintiff's complaints of race discrimination to "staff and co-workers" were known to Defendants, when those alleged complaints occurred relative to her termination, or that there is a causal connection between her alleged complaints and termination. As with her race discrimination claim, Plaintiff

fails to state a plausible claim for retaliation upon which relief may be granted, and her retaliation claim is dismissed pursuant to § 1915(e).

C. **State Law Claims**

Plaintiff asserts a state law claim for intentional infliction of emotional distress. Plaintiff identifies "federal question" as the basis for Court's jurisdiction, and it does not appear that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

Although lacking diversity jurisdiction, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), but also may decline to do so under 28 U.S.C. § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The determination of whether to accept or decline supplemental jurisdiction is left to the sound discretion of the Court. *See Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). In exercising this discretion, the Court considers the issues of judicial economy, convenience, fairness, and comity. *Id.*

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Id.* 1254–55 (collecting cases). Having dismissed Plaintiff's federal claims and considered the issues, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017)

("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the claims without prejudice.") (citations omitted).

### III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff's state law claims are dismissed without prejudice. Plaintiff's motion to proceed in forma paupers (Docket #2) is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 22, 2019